Argued and submitted December 8, 1989, reversed and remanded for reconsideration
May 23, 1990

In the Matter of the Compensation of
Newton W. Orr, Claimant.

SAIF CORPORATION et al,
*Petitioners,*

*v.*

ORR,
*Respondent.*

(84-05108; CA A60975)

792 P2d 454

David L. Runner, Assistant Attorney General, Salem, argued the cause for petitioners. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Brad G. Garber, Salem, argued the cause for respondent. With him on the brief was Law Office of Michael B. Dye, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

### DEITS, J.

SAIF petitions for review in this workers' compensation case, arguing that claimant should not have received permanent total disability. We reverse and remand.

Claimant is an electrician who worked for employer for 18 years. In June, 1982, he injured his left knee and back in a fall. He received medical treatment and underwent knee surgery in 1983. His claim was closed in April, 1984, and he was awarded 25 percent permanent partial disability (PPD) for his back and 35 percent PPD for his knee. SAIF referred claimant for vocational assistance. Claimant then applied for and began receiving retirement benefits from employer. Claimant obtained a job repairing electronic motors, but he quit after one week because of back pain. He continued to have trouble with his back and had back surgery in June, 1985. SAIF voluntarily reopened his claim at that time.

In July, 1986, the claim was again closed with awards of 45 percent PPD for his back and 45 percent for his knee. Claimant requested a hearing on that order, and a hearing was held in September, 1987. The Board concluded that claimant was permanently and totally disabled. It found that he was no longer physically able to work, that there were no suitable occupations for which he had training and experience and that he had extremely limited adaptability, slow reactions and no transferable skills. The Board also concluded that, given claimant's physical and nonphysical disabilities, it would be futile for him to seek regular, gainful employment. In its order on reconsideration, the Board specifically addressed SAIF's contention that claimant was not entitled to PTD because he had unreasonably failed to participate in pain therapy and vocational rehabilitation. The Board found that claimant was unable to participate in pain therapy and, therefore, that his refusal to participate was not unreasonable.

SAIF's first assignment of error is that the Board's finding that claimant was unable to participate in pain therapy is not supported by substantial evidence and, therefore, its conclusion that claimant had mitigated his disability was wrong. A claimant who unreasonably fails or refuses to mitigate the extent of his permanent disability is not entitled to compensation for that portion of his disability attributable to the unreasonable failure or refusal. *Nelson v. EBI Companies,*

296 Or 246, 674 P2d 596 (1984). However, the burden of persuasion is on the employer to show that the claimant unreasonably failed to mitigate damages. *Nelson v. EBI Companies,* 296 Or at 251. The court explained the test for whether a claimant has acted unreasonably:

> " '* * * The relevant inquiry is whether, if compensation were not an issue, an ordinarily prudent and reasonable person would submit to the recommended treatment. Such a determination must be based upon all relevant factors, including the worker's present physical and psychological condition, the degree of pain accompanying and following his treatment, the risks posed by the treatment and the likelihood that it would significantly reduce the worker's disability. *Grant v. State Industrial Acc. Com.,* 102 Or at 45; *see* 1 Larson, Workmen's Compensation Law [§ 13.22].' " 296 Or at 251.

The Board considered the relevant factors. It found that claimant has substantial physical problems, that he has experienced significant pain and that treatment is not likely to reduce his disability. Those findings are supported by substantial evidence and support the conclusion that claimant did not unreasonably fail to mitigate his damages.

■ ■ SAIF also argues that the Board erred because it failed to make an express finding concerning whether claimant is willing to seek regular gainful employment. We agree. Before a claimant is entitled to PTD, a number of prerequisites must be met. First, a claimant must establish that, but for the compensable injury, he or she has made, or would have made, reasonable efforts to obtain employment. A claimant who is so incapacitated that he or she cannot perform regular gainful employment need not establish that such efforts have been made. *See Cutright v. Weyerhaeuser Co.,* 299 Or 290, 702 P2d 403 (1985). Here, this requirement was met. The Board concluded that it would be futile for claimant to seek regular, gainful employment, so it was unnecessary for him to show that he had made such efforts. The Supreme Court has held, however, that a claimant must also establish that, but for the compensable injury, he or she would be willing to seek regular, gainful employment. It has been held that the Board must make express findings on that issue. *SAIF v. Stephen,* 308 Or 41, 47-48, 774 P2d 1103 (1989). The Board failed to make any

findings concerning that requirement and, therefore, we remand this case for reconsideration.[1]

Reversed and remanded for reconsideration.

---

[1] SAIF also argues that the Board erred in basing its award of PTD in part on claimant's functional disability. However, the Board found claimant permanently and totally disabled only on the basis of his physical incapacity.