Argued and submitted September 7, reversed and remanded for reconsideration
November 28, 1990

In the Matter of the Compensation of
Cleo I. Beswick, Claimant.

SAIF CORPORATION
and Lane Community College,
*Petitioners,*

*v.*

Cleo I. BESWICK,
*Respondent.*

(WCB 86-00108; CA A62962)

802 P2d 82

David L. Runner, Assistant Attorney General, Salem, argued the cause for petitioners. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

W. D. Bates, Eugene, argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Employer seeks review of the Workers' Compensation Board's decision affirming the referee's order that granted claimant permanent total disability. We reverse and remand.

Employer contends that the case should be remanded, because the Board failed to make a finding about whether claimant was willing to seek employment. ORS 656.206(3) provides:

> "The worker has the burden of proving permanent total disability status and must establish that the worker is willing to seek regular gainful employment and that the worker has made reasonable efforts to obtain such employment."

In *SAIF v. Stephen,* 308 Or 41, 48, 774 P2d 1103 (1989), the Supreme Court held that futility excuses proof of reasonable efforts to gain employment, but proof of willingness to seek work is still required. It remanded the case for a finding on whether the claimant was willing to seek employment. *See also SAIF v. Orr,* 101 Or App 612, 792 P2d 454 (1990). Here, the Board found that any efforts by claimant to seek employment would be futile but did not address whether she was willing to seek work. We remand for that determination.

Reversed and remanded for reconsideration.