Argued and submitted February 14, affirmed October 14, 1992

In the Matter of the Compensation of
Grace L. Stephen, Claimant.

Robert L. STEPHEN,
Personal Representative of
the Estate of Grace L. Stephen,
*Petitioner,*

*v.*

OREGON SHIPYARDS
and SAIF Corporation,
*Respondents.*

(85-14678; CA A63036)

838 P2d 1109

Eileen G. Simpson, Portland, argued the cause for petitioner. With her on the brief were Donald M. Hooton and Peter O. Hansen, Portland.

Thomas E. Ewing, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Claimant[1] seeks review of an order of the Workers' Compensation Board holding that she is not entitled to permanent total disability (PTD) because, even though her compensable condition prevented her from returning to the workplace, she did not show that, but for the condition, she was willing to seek work. We affirm.

The facts are not in dispute. Between 1942 and 1945, claimant worked as a welder in employer's shipyards, where she was exposed to asbestos. Her work with employer ended in 1945, after which she did not work or seek work, but stayed home to raise her children. She developed laryngeal cancer, later determined to be compensable, and had two surgeries because of that condition in 1962 and 1971. After the 1962 surgery, claimant's physical condition prevented her from reentering the work force. She later developed a heart condition, unrelated to her compensable condition, which also prevented her from returning to work.

The issue is whether claimant is entitled to PTD.[2] In *SAIF v. Stephen*, 308 Or 41, 774 P2d 1103 (1989), the Supreme Court remanded this case to the Board. It held that a claimant who voluntarily leaves the work force and later becomes totally disabled due to a compensable condition is entitled to PTD only if the claimant can establish that, "but for the compensable injury, she is or would be willing to seek regular gainful employment *and* has or would have made reasonable efforts to do so." 308 Or at 43. (Emphasis in original.) The court remanded for findings on the question of whether claimant was willing to return to work. On remand, the Board denied PTD:

"We are persuaded that, by the time of hearing, claimant was prevented from returning to work, assuming she had been so inclined, by either her noncompensable cardiovascular disease or her compensable cancer condition. Yet, we are unable to find that she is or was willing to seek regular gainful employment. At most, the record suggests that, upon reflection, claimant had entertained the possibility of a

---

[1] Claimant is deceased; her personal representative has been substituted.

[2] Claimant's condition was determined compensable in 1984. In 1985, a determination order awarded her 100 percent unscheduled permanent partial disability.

return to work as a welder at some indefinite time prior to developing her compensable cancer. Such speculation does not lead us to the conclusion that, but for the compensable injury, claimant would have returned to work."

■ Claimant argues that the Board's denial of PTD was in error, because any effort on her part to return to the work force would have been futile due to her disability and that she was not required to engage in futile acts. Claimant is correct that a worker whose compensable condition renders her unable to seek gainful employment need not establish that she "has made reasonable efforts to obtain such employment" under ORS 656.206(3).[3] However, a claimant must still prove that, but for the compensable condition, she would be *willing* to seek regular gainful employment. *SAIF v. Stephen, supra*, 308 Or at 48; *SAIF v. Beswick*, 104 Or App 494, 802 P2d 82 (1990).

■ The Board found that claimant did not show her willingness to seek work had she not suffered from laryngeal cancer. There is substantial evidence in the record to support that finding. The Board did not err in concluding that claimant did not meet her burden of proving her willingness to return to the work force under ORS 656.206(3).

Affirmed.

---

[3] ORS 656.206(3) provides:

"The worker has the burden of proving permanent total disability status and must establish that the worker is willing to seek regular gainful employment and that the worker has made reasonable efforts to obtain such employment."